**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Brandy Coker,

      Plaintiff

v.

Dollar Tress Stores, Inc., et al.,

      Defendants

Case No.: 2:26-cv-00510-JAD-NJK

**Order Remanding Case Back to State Court and Closing Case**

Brandy Coker sued Dollar Tree Stores, Inc. in state court after she slipped and fell in one of its Las Vegas stores.[1] Dollar Tree removed the case on diversity grounds, citing Coker's allegation, made in a response to a settlement letter, that she has accrued $42,843.12 in past medical damages. That damages number combined with Coker's request for pain-and-suffering and future-medical damages, Dollar Tree averred, is sufficient to meet the amount-in-controversy requirement for diversity jurisdiction.[2] United States Magistrate Judge Nancy J. Koppe issued an order to show cause why this case shouldn't be remanded, reasoning that the complaint's allegations only supported $15,000 in damages and that the settlement number Dollar Tree relies on falls far short of the $75,000 threshold.[3] Dollar Tree argues in response that, because Coker generally seeks additional categories of damages, it has sufficiently shown that the amount in controversy is met.[4]

---

[1] ECF No. 1-2.

[2] ECF No. 1.

[3] ECF No. 4.

[4] ECF No. 5.

Removal based on diversity jurisdiction requires that the opposing parties be citizens of different states and the amount in controversy exceeds $75,000.[5]  If a plaintiff's state-court complaint "does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" $75,000.[6]  Courts may consider "facts presented in the removal petition as well as any summary-judgment-type" evidence relevant to the amount in controversy at the time of removal."[7]  There is a strong presumption against removal jurisdiction—it "must be rejected if there is any doubt as to the right of removal in the first instance."[8]

In its petition for removal, Dollar Tree relies on correspondence from Coker's counsel confirming that Coker "is seeking at least $42,843.12 in past medical" damages.[9]  It asserts that, because the complaint seeks relief "for future medical treatment and physical and emotional pain and suffering . . ., the amount in controversy is satisfied."[10]  But Dollar Tree does not justify its assumption that those damages would exceed the additional $32,156.88 needed to meet the $75,000 threshold.  In its response to Judge Koppe's order to show cause, Dollar Tree merely assumes that Coker will make arguments for damages exceeding that amount and points to the fact that Coker was referred to a spine surgeon and recommended to continue conservative treatment.[11]  I conclude that Dollar Tree's showing does not satisfy its burden to show by a

---

[5] 28 U.S.C. §§ 1332, 1441, 1446.

[6] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[7] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (cleaned up).

[8] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[9] ECF No. 1 at 5, ¶ 16.

[10] *Id.*

[11] *See* ECF No. 5 at 4–5.

preponderance of the evidence that the amount in controversy exceeds the threshold required to keep this case in federal court.  So I remand this case back to state court.

### Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 29, Case No. A-26-938661-C**, and CLOSE THIS CASE.  This case returns to state court with no motions pending.

_____
U.S. District Judge Jennifer A. Dorsey
March 12, 2026

3